## In re JENSEN.

Court of Customs and Patent Appeals.
October 4, 1929.

Patent Appeal No. 2137.

James T. Newton, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge. Appellant appeals from the decision of the Board of Appeals of the Patent Office refusing to allow claims 1 and 2 of his application for a patent for a "device for shading automobile headlamps," which claims are herewith reproduced:

"1. In an automobile headlight, a parabolic reflector, a source of light in the reflector, a lens arranged at the front of the reflector, a horizontal shade arranged within the reflector midway between its upper and lower edges and located between the

lens and light source and dividing the interior of the reflector into upper and lower chambers, and a vertical shade extending upwardly from the horizontal shade, arranged in front of the light source and capable of dimming the light rays passing into the upper chamber.

"2. An automobile headlight as claimed in claim 1 in which the vertical shade is arranged transversely of the reflector and is formed by bending up the rear end portion of the horizontal shade and making the vertical shade translucent."

The claims stand rejected on the references, Benjamin (reissue) 14,406, December 11, 1917, and Brown et al., No. 1,348,927, August 10, 1920.

It is claimed by appellant that his device is to cure a defect present in automobile headlights, which causes accidents by the top portion of the light blinding the eyes.

The applicant's device is a parabolic reflector, a lens closing the open end of the reflector, and a bulb socket or source of light, which is placed adjacent to the locus of curvature of the parabolic plane of the reflector. The structure of the device up to this point is the ordinary automobile headlight. Appellant claims to have modified known existing lights by the use of the horizontal shade partition, extending from the lens to a line substantially in front of the light source, and located midway between the upper and lower edges of the reflector, thus dividing the interior of the reflector into upper and lower chambers. A vertical shade, extending upwards from the rear of the partition, provides a means for dimming the light coming from the reflector and also the rays coming from the light source. It is claimed that in applicant's device all the rays of light coming through the lens are the same in all directions as though the shade were not there, and that the shade functions only to color or dim the upper half of the emitted rays, while still maintaining the full illuminating powers of the lamp.

In Benjamin and Brown, supra, we find substantially the same structure. The Benjamin patent discloses everything stated in claim 1, except for the statement, "capable of dimming the light rays passing into the upper chamber." In this reference the vertical portion of the screen is opaque, and reflects the light to the back portion of the parabolic reflector, from which it is again reflected and dispersed to the front portion.

Brown et al. shows a screen having a portion which divides the interior of the reflector into upper and lower chambers, and a translucent portion which dims the light rays passing into the upper chamber. The screen portion, however, is not horizontal.

Benjamin shows this element to be horizontal, thus producing the same degree of illumination as appellant's screen.

The Board of Appeals, in rejecting the claim, stated:

"In our opinion the Examiner was right in his holding or Brown et al. might be taken as the basic reference, there being no invention in making their screen element 5 horizontal in view of the part 8 of Benjamin."

Agreeable to the views expressed by the Board of Appeals, we find no invention in applicant's device, and its decision is affirmed.

Affirmed.